# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ROBERT S. SCRUGGS**                                                                 **PETITIONER**

**V.**                                                                 **NO. 3:17-CV-108-DMB-JMV**

**STATE OF MISSISSIPPI**                                                               **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court in this habeas action is the Report and Recommendation of United States Magistrate Judge Jane M. Virden, Doc. #20; which recommends that the State of Mississippi's motion to dismiss, Doc. #14, be granted; and that Robert Scruggs' motion for summary judgment, Doc. #13, be denied.

## I
## Procedural History

On or about May 31, 2017, Robert Scruggs, acting pro se, filed in this Court a petition for a writ of habeas corpus. Doc. #1. In his petition, Scruggs, a state prisoner serving a habitual offender sentence of life without parole, contends that he was unlawfully denied eligibility for parole. Although less than clear, Scruggs also appears to complain that he was unlawfully denied release on parole.

On or about October 31, 2017, Scruggs filed a motion for summary judgment on his petition. Doc. #13. Approximately two weeks later, on November 15, 2017, the State of Mississippi filed a motion to dismiss Scruggs' petition, Doc. #14; and filed a response in opposition to Scruggs' motion for summary judgment, Doc. #16. On or about November 29, 2017, Scruggs filed a document styled as "Rebuttable Presumption," which in substance is a response to the State's motion to dismiss. Doc. #17.

While the motion to dismiss was pending, Scruggs filed a motion to amend his pleadings "to cause pleadings to conform to Evidence Rule 15(a),(b)." Doc. #18 at 2. The motion, which referenced "facts arising[] since filing of the original pleadings," also sought discovery in the form of "[t]he ascertainment of previously unknown facts, which disclosure came to light." *Id*. The motion to amend was granted by Judge Virden on March 26, 2018. Doc. #19. The request for discovery was not addressed in Judge Virden's order.

On April 3, 2018, Judge Virden issued a Report and Recommendation which recommends that the State's motion to dismiss be granted because "Scruggs has not alleged that the State … violated a right protected under federal law." Doc. #20 at 6. Specifically, Judge Virden found that Scruggs lacks a liberty interest in obtaining parole sufficient to trigger federal protections because entitlement to parole is discretionary in Mississippi. *Id*. at 10. Accordingly, the Report and Recommendation recommends that Scruggs' motion for summary judgment be denied and that Scruggs' habeas petition be dismissed. *Id*.

On or about April 5, 2018, Scruggs filed a "Motion of Amendments," which asks the Court to order the Mississippi Department of Corrections to produce certain documents. Doc. #22. The State, treating the motion as a motion to amend the petition, filed a response in opposition on April 18, 2018. Doc. #23.

On or about April 17, 2018, Scruggs filed objections to the Report and Recommendation. Doc. #25. The State responded to the objections on April 27, 2018, Doc. #26; and Scruggs filed a supplement to his objections on or about May 8, 2018, Doc. #27.

## II
## Discovery Requests

In his first motion to amend, Scruggs asks "to be allowed Discovery. The ascertainment of previously unknown facts, which disclosure came to light." Doc. #18 at 2. In his "Motion of

2

Amendments," Scruggs seems to limit the request to discovery related to allegedly similarly situated individuals who he believes were granted parole eligibility. Doc. #22 at 2.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather,

> Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause. Good cause may be found when a petition for habeas corpus relief establishes a prima facie claim for relief. Additionally, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6.

*Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (internal quotation marks and citation omitted).

Here, as discussed below, Scruggs has failed to establish a prima facie claim for relief. Furthermore, he has offered nothing but speculative statements to justify the requested discovery. Accordingly, his discovery requests will be denied.

### III
### Report and Recommendation

Where objections to a report and recommendation have been filed, a court must conduct a "*de novo* review of those portions of the … report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citations omitted).

As explained above, Judge Virden recommends that Scruggs' petition be dismissed because he has no liberty interest in obtaining parole. Although Scruggs' objections are somewhat difficult to follow, he appears to advance four arguments directly related to Judge Virden's

3

recommendation:[1]  (1) that Judge Virden erred in failing to address his constitutional claims; (2) that Eighth Circuit case law establishes a liberty interest in obtaining parole; (3) that the grant of discretion to the Mississippi Parole Board is unconstitutional because it "allows the judiciary … to violate" the state and federal constitutions; and (4) that use of the word "shall" in the amendments to Mississippi's parole statutes creates an expectation in parole sufficient to trigger a liberty interest.  Doc. #25 at 2–6.

In considering Scruggs' arguments, this Court begins by noting that a habeas action is an improper vehicle for challenging a determination of parole *eligibility*, as opposed to parole *entitlement*.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (claims challenging validity of state procedures for determining parole eligibility properly brought under 42 U.S.C. § 1983).  To the extent Scruggs challenges his eligibility for parole (rather than his entitlement to release), his habeas petition is properly denied.  *Id*.

Regarding Scruggs' specific objections, the Court first finds that Judge Virden properly addressed Scruggs' constitutional claims.  In his habeas petition, Scruggs sought relief "from the denial of protected constitutional rights under the Due Process Clause, unlawful restraint denial of constitutional liberty interest."  Doc. #1 at 1.  In the Report and Recommendation, Judge Virden found no protected liberty interest and no due process violation.  While Scruggs' objections refer to an Equal Protection violation, no such claim was asserted in his original or amended pleadings.  Regardless, even if such claim had been asserted, Scruggs has cited no evidence which would support it.

Second, while Scruggs argues the Eighth Circuit has recognized a liberty interest in parole,

---

[1] Scruggs' remaining arguments, such as the claim that he was entitled to due process or that he was entitled to parole, were directly addressed in Judge Virden's Report and Recommendation, or are irrelevant to the existence of a liberty interest.

4

he cites no authority for this proposition, much less authority interpreting Mississippi law. *See Wansley v. Miss. Dep't of Corrections*, 769 F.3d 309, 312 (5th Cir. 2014) (state law determines existence of parole liberty interest). To the contrary, "Mississippi law is settled that criminal offenders have no constitutionally recognized liberty interest in parole." *Brown v. State*, 230 So.3d 1069, 1070 (Miss. Ct. App. 2017) (quotation marks omitted).

Third, Scruggs has cited no authority, and this Court has been unable to find any, which would support an argument that a grant of discretion to a parole board is per se unconstitutional because it allows the parole board to circumvent the federal and state constitutions. A parole board, even one with discretion to grant or deny parole, does not have authority to act outside the Constitution. *See Ducksworth v. State*, 174 So.3d 323, 325 (Miss. Ct. App. 2015) ("Had Ducksworth alleged that parole was denied based on his race or other factors recognized as prohibited from consideration by the United States Constitution, he may have stated a cognizable equal protection claim.").

Finally, to the extent Scruggs argues that the 2014 amendments to Mississippi's parole statutes created a liberty interest, this argument is rejected because "those amendments do not apply to prisoners … who were admitted prior to the amendments' effective date." *Drankus v. Miss. Parole Bd.*, 224 So.3d 83, 85 (Miss. 2017). Insofar as Scruggs' convictions and sentences predate the 2014 amendments by approximately fifteen years, any liberty interest created by the statutes would not inure to him.

All of Scruggs' objections therefore are overruled.

## IV
## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Proceedings for the United

States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

For the reasons above, Scruggs' requests for discovery [18][22] are **DENIED**. Judge Virden's Report and Recommendation [20] is **ADOPTED** as the order of this Court. Accordingly, the State's motion to dismiss [14] is **GRANTED** and Scruggs' motion for summary judgment [13] is **DENIED**. A certificate of appealability is **DENIED**. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 18th day of September, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**