# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ROBERT S. SCRUGGS**                                                                                          **PETITIONER**

**V.**                                                                                              **NO. 3:17-CV-108-DMB-JMV**

**STATE OF MISSISSIPPI**                                                                                      **RESPONDENT**

## ORDER

Before the Court are three post-judgment motions filed by Robert S. Scruggs. Docs. #34, #37, #38.

## I
## Procedural History

On or about May 31, 2017, Robert Scruggs, acting pro se, filed a petition for a writ of habeas corpus in this Court. Doc. #1. On September 18, 2018, the Court dismissed Scruggs' petition and declined to issue a certificate of appealability. Doc. #29.

On or about October 12, 2018, Scruggs filed a notice of appeal with the Fifth Circuit, Doc. #33, and a motion for a certificate of appealability, Doc. #34. On or about November 6, 2018, Scruggs filed a motion to extend the deadline to file financial documents in support of a motion to appeal in forma pauperis. Doc. #37. At approximately the same time, Scruggs filed an "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis," Doc. #38, which this Court construes as a motion for leave to appeal in forma pauperis; and a certificate of institution account information, Doc. #40.[1]

---

[1] A duplicate of this document, which was apparently sent to the Fifth Circuit, also appears on the docket. *See* Doc. #39.

## II
## Motion for Extension

Scruggs seeks a fifteen-day extension of the deadline to submit the financial documents in support of his motion to proceed in forma pauperis on appeal. Doc. #37. As grounds for this relief, Scruggs represents that he is "at the mercy of Mississippi Department of Correction[s], and the policy is seven days to request assistance [for] mailing financial authorization forms seven or more days to get them back, seven more days before ILAP mail …." *Id*. at 2. Upon consideration, the Court concludes that Scruggs has stated adequate grounds for the requested extension. Accordingly, Scruggs' motion for extension is granted and his financial documents filed in support of his motion to appeal in forma pauperis are deemed timely filed.

## III
## Motion for Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a COA for a case rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

This Court has previously concluded that, for the reasons stated in its September 18 order, Scruggs cannot satisfy the *Slack* criteria for obtaining a certificate of appealability. Doc. #29 at 5–6. His motion for a certificate of appealability therefore is denied.

## IV
## Motion to Proceed in Forma Pauperis

"Upon filing a notice of appeal, the appellant must pay the district clerk all required fees." Fed. R. App. P. 3(e). However, "any court of the United States may authorize the commencement, prosecution or defense of any … appeal … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Despite this general authorization, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

For the reasons discussed in the Court's September 18 opinion, the Court certifies that Scruggs's appeal is not taken in good faith. *See* Doc. #29. Accordingly, his motion to appeal in forma pauperis is denied.

Though the Court has certified that Scruggs' appeal is not taken in good faith, Scruggs may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed in forma pauperis on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty days of this order.

Should he move the Fifth Circuit to proceed in forma pauperis on appeal, Scruggs will not be assessed an initial partial fee because the funds for such a fee do not exist. However, Scruggs must pay $505.00, the balance of the filing fees, in periodic installments. Scruggs is required to make payments of 20% of the preceding month's income credited to his prison account until he has paid the total filing fees of $505.00. The agency having custody of Scruggs shall collect this

amount from his trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the Clerk of this Court.

If Scruggs moves to proceed on appeal in forma pauperis, the clerk shall mail a copy of this order to the inmate accounting office, or those persons or entities with responsibility for collection and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which Scruggs is currently or subsequently confined.

## V
## Conclusion

Scruggs' motion for extension [37] is **GRANTED**. His motion for a certificate of appealability [34] and motion to appeal in forma pauperis [38] are both **DENIED**.

**SO ORDERED**, this 28th day of December, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**